## SHAVER & SON vs. SHELL.

Judgment by default having been rendered by a justice of the peace, and it appearing that on the day of trial, the plaintiffs as well as the defendant, failed to appear: *Held*, that the plaintiffs should have been non-suited; and that this error might have been corrected by appeal.

But the justice having jurisdiction of the subject matter and of the person of the defendant, the judgment could not be regarded as null when presented collaterally in a case of garnishment founded thereupon. (*Hill vs. Steele*, 17 *Ark.*, 440; *Alston ex parte, ib.* 580.)

### Appeal from Izard Circuit Court.

Rose and Hempstead, for appellants.

No appeal was taken on the principal judgment against King; and of course that was a valid and subsisting judgment, and record evidence of the debt, which could neither be enquired into or impeached in any collateral proceedings. *Borden vs. The State,* 6 *Eng.*, 519.

The judgment of the justice having been rendered by a competent court having jurisdiction, and on actual service, could neither be impeached by Shell, the garnishee, nor declared erroneous or void by the court in the proceeding on garnishment.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Shaver & Son having obtained a judgment against Eliza King, before a justice of the peace of Izard county, caused to be issued thereon a writ of garnishment against Shell, and upon his answer recovered judgment against him, and he appealed to the circuit court.

Upon a trial *de novo*, the court excluded from the jury the original judgment, on the ground that it was null and void; there was a verdict for Shell, motion for a new trial overruled, and Shaver & Son appealed to this court.

It appears that the original suit was founded upon an open account for $46.33, and that upon the day fixed for trial, the parties failing to appear, the justice rendered judgment, by default, against the defendant for the amount of the account.

The circuit judge held the judgment to be void, and excluded it from the jury, because the entries upon the docket of the justice failed to show that the plaintiffs proved their account upon the trial : in other words, that upon the failure of both parties to appear, the justice rendered judgment against the defendant, without evidence to establish the account.

The suit being founded upon an open account, on the failure of the plaintiffs to appear and prove their demand, on the day fixed for trial, the justice should have non-suited them. *Gould's Dig.*, *p*. 665, *sec*. 87 ; and it was an error for him to render judgment by default against the defendant, which she could have corrected by appeal; but failing to appeal, the judgment became final.

The justice having jurisdiction of the subject matter of the suit, and of the person of the defendant, by service of process, which affirmatively appears, the judgment could not be regarded as null and void, when presented to the circuit court collaterally,

124          CASES IN THE SUPREME COURT

on account of the error of the justice in rendering it without evidence. *Hill vs. Steel*, 17 *Ark.*, 440; *Alston ex parte*, *ib.*, 580.

The judgment of the court below must be reversed, and the cause remanded, with instructions to the court to grant the appellants a new trial.